BATCHELDER, Circuit Judge.
I concur with the court’s conclusion that there was no error in connection with the jury’s verdict or the resulting judgment of conviction. I also concur in the court’s decision to remand this case for re-sentencing because I agree that this circuit’s post-Booker precedents require it. I write separately, however, to voice my disagreement with our recent and unwarranted departure from traditional plain error review.
Justice Breyer’s majority opinion in Booker requires us to apply Booker’s Sixth Amendment holding and its remedial interpretation of the Sentencing Act to all cases on direct review. United States v. Booker, — U.S.-,-, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005). Booker stresses, however, that where, as here, the constitutionality of the defendant’s sentence was not raised below, we are to “apply ordinary prudential doctrines ...,” such as plain error review, to determine if re-sentencing is warranted. Id. (emphasis added). Ordinary plain error review requires a defendant to demonstrate that he was prejudiced by the error. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Nonetheless, in United States v. Oliver, 397 F.3d 369 (6th Cir.2005), and in United States v. Barnett, 398 F.3d 516 (6th Cir. 2005), this circuit has, without justification from the Supreme Court, removed this burden from defendants seeking post-Booker re-sentencing.
In United States v. Oliver, we considered whether to re-sentence a defendant whose sentence violated the Sixth Amendment in light of Booker. Despite purporting to apply plain error review, we failed even to discuss, much less enforce, the defendant’s traditional burden of proving that the district court’s error prejudiced him. We decided that since Oliver received a sentence “beyond that which was supported by the jury verdict and [his] criminal history,” he was necessarily prejudiced because he “arguably received a sentence that was longer than his sentence would have been absent a Sixth Amendment violation.” Oliver, 397 F.3d at 379-80 (emphasis added). “Arguably” is not enough, however. Under the ordinary plain error review that Booker requires, — U.S. at-, 125 S.Ct. at 769, a defendant bears the burden of proving that he was prejudiced by the error, Olano, 507 U.S. at 734, 113 S.Ct. 1770: i.e., that absent that error, he would more likely than not have received a lower sentence. By simply ignoring this requirement, Oliver effectively holds that every Sixth Amendment violation in a Booker-type case automatically prejudices a defendant, a holding that does not comport with Supreme Court precedent.
*924 In United States v. Barnett, we proceeded to contort plain error review in Booker-type cases where there is no Sixth Amendment violation, he Barnett court not only eliminated a defendant’s traditional burden of proving prejudice as part of plain error review by creating a presumption of prejudice in favor of the defendant, but it effectively placed this burden on the government instead by making that presumption rebuttable. See Barnett, 398 F.3d at 527-29 (presuming prejudice in Soo/cer-type cases where there is no Sixth Amendment violation). Contrary to Barnett’s implication, the Supreme Court has never sanctioned reversing this burden. See Olano, 507 U.S. at 735, 113 S.Ct. 1770 (refusing to address whether some errors “should be presumed prejudicial if the defendant cannot make a specific showing of prejudice”). In fact, in Jones v. United States, the Supreme Court explicitly refused to remove the burden of proving prejudice from the defendant in a death penalty case involving allegedly improper jury instructions. 527 U.S. 373, 394-95, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (“Where the effect of an alleged error is so uncertain, a defendant cannot meet his burden of showing that the error actually affected his substantial rights.”). Since the Jones Court did not think it improper to require a capital defendant to show prejudice that could only manifest itself in secret jury deliberations, I cannot see where we divine the authority to flip the prejudice burden in non-capital cases where the defendant at least has the benefit of a sentencing transcript as evidence of the judge’s sentencing intent.
Despite my disagreements with Oliver and Barnett, I am bound to follow this binding authority until a contrary rule is developed by this court en banc or by the Supreme Court. I am compelled to agree therefore that on the facts of Pittman’s case, where the district court applied a two-level sentencing enhancement to Pittman’s sentence based on the obliterated serial number on the firearm found in the backyard — a fact found only by the judge and not found by the jury or admitted by the defendant — that Pittman’s sentence violated the Sixth Amendment as established in Booker. Accordingly, in light of our decision in Oliver, I concur in the decision to remand Pittman’s case for re-sentencing.